**WO**                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Camillo Castillo Medrano, III, ) | No. CV 12-2539-PHX-GMS (MEA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan, et al., ) | |
| Respondents. ) | |

Petitioner Camillo Castillo Medrano, III, who is confined in the Arizona State Prison Complex, South Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. The Court will require an answer to the Petition.

**I.  Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.  Petition**

Petitioner was convicted by a jury in Maricopa County Superior Court, case #CR03-015606, of three counts of sexual abuse, four counts of child molestation, and ten counts of sexual conduct with a minor and was sentenced to a 291-year term of imprisonment. Petitioner's direct appeal was denied. State v. Medrano, No. 1-CA-CR06-0814, 2007 WL 5248974 (Ariz. App. Dec. 11, 2007). On December 30, 2009, Petitioner's petition for post-

**TERMPSREF**

conviction relief was denied.[1]

In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises four grounds for relief. In Ground One, Petitioner asserts a violation of due process in connection with his criminal proceedings and seeks to reopen his state criminal case. In Ground Two, Petitioner asserts that he received the ineffective assistance of trial and appellate counsel in violation of the Sixth Amendment. In Ground Three, he asserts that he was denied a fair trial in violation of due process and that he was denied the effective assistance of counsel. In Ground Four, he alleges that he received the ineffective assistance of appellate counsel regarding the issue of his competence based on the failure to appoint an appropriate interpreter for him. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**III.    Warnings**

   **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

   **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

---

[1] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2003-015606 (last visited Jan. 14, 2012).

1  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
2  comply with any order of the Court).

3  **IT IS ORDERED:**

4  (1) Petitioner's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

5  (2) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order
6  on the Respondent and the Attorney General of the State of Arizona by certified mail
7  pursuant to Rule 4, Rules Governing Section 2254 Cases.

8  (3) Respondents must answer the Petition within 40 days of the date of service.
9  Respondents must not file a dispositive motion in place of an answer but may file an answer
10  limited to relevant affirmative defenses, including but not limited to, statute of limitations,
11  procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
12  those portions of the record relevant to those defenses need be attached to the answer.
13  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
14  defense.  Day v. McDonough, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative
15  defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
16  Governing Section 2254 Cases.

17  (4) Petitioner may file a reply within 30 days from the date of service of the
18  answer.

19  (5) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules
20  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
21  recommendation.

22  DATED this 15th day of January, 2013.

*G. Murray Snow*
United States District Judge

TERMPSREF

- 3 -