**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Camillo Castillo Medrano III, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>Arizona Attorney General, )<br>Charles L. Ryan, Sheryl Watkins, )<br>)<br>    Respondents. )<br>_____ ) | CIV 12-02539 PHX GMS (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE G. MURRAY SNOW:**

Petitioner, proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about November 28, 2012. Respondents filed a response to the petition on March 27, 2013. See Doc. 12 & Doc. 13. A timely traverse or reply to the response was due April 26, 2013. As of May 15, 2013, Petitioner had not filed a reply or traverse to the response to his petition.

**I Procedural History**

Petitioner is currently serving prison sentences imposed pursuant to his convictions on three counts of sexual abuse, four counts of child molestation, and ten counts of sexual conduct with a minor. An indictment returned June 13, 2003, in Maricopa County Superior Court charged Petitioner with

17 counts; three counts of sexual abuse, class 3 felonies (Counts 1, 3, 14), four counts of molestation of a child, class 2 felonies (Counts 2, 4, 11, 17), and 10 counts of sexual conduct with a minor, class 2 felonies (Counts 5-10, 12-13, 15-16), all dangerous crimes against children. See Answer, Exh. A. The victims of the alleged offenses, which occurred over a period of more than 16 years, were Petitioner's four daughters and two step-daughters.

At the conclusion of an eight-day trial, a jury found Petitioner guilty on all counts. The trial court sentenced Petitioner to presumptive terms of five years imprisonment on Counts 1, 3, and 14, to presumptive terms of seventeen years imprisonment on Counts 2, 4, 11, and 17, and to presumptive terms of twenty years imprisonment on Counts 5, 6, 7, 8, 9, 10, 12, 13, 15, and 16. Id., Exh. UU & Exh. VV. The trial court ordered that all of the sentences be served consecutively. Id., Exh. VV.

Petitioner took a timely direct appeal of his convictions and sentences. Petitioner argued that the trial court abused its discretion by denying his motion for a directed verdict on Count 11. Id., Exh. WW. On December 11, 2007, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. Id., Exh. YY. On January 15, 2008, Petitioner filed a petition for review with the Arizona Supreme Court, which denied review on April 1, 2008. Id., Exh. ZZ & Exh. AAA.

On June 18, 2008, Petitioner initiated an action for post-conviction relief pursuant to Rule 32, Arizona Rules of

-2-

Criminal Procedure. Petitioner alleged: "This petition is based on newly evidence [sic] and possible ineffective assistance at trial and on appeal.... Petitioner has to discuss these issues with court appointed counsel prior to raising the facts of the issues to be raised." Id., Exh. BBB. Petitioner was appointed counsel to represent him in his Rule 32 action. Id., Exh. CCC. On November 12, 2008, counsel filed a notice of completion of post-conviction review, in which she informed the state Superior Court that she was not able to find "colorable claims to raise in a petition for post conviction relief." Id. Exh. DDD. On December 29, 2009, having received no pro per petition and no further request for an extension of the time allowed Petitioner to file a pro per petition, the Superior Court sua sponte dismissed the Rule 32 proceeding. Id., Exh. MMM. Petitioner did not seek review of this decision by the Arizona Court of Appeals.

      In his federal habeas petition Petitioner contends he is entitled to relief because he was subjected to "a violation of due process in connection with his criminal proceedings, and seeks to reopen his state criminal case." (Ground One) Petitioner also asserts he was denied his Sixth Amendment right to the effective assistance of trial and appellate counsel. (Ground Two) Petitioner also alleges he was denied his right to "a fair trial in violation of due process" and reiterates that he was denied "effective assistance of counsel." (Ground Three) In his fourth claim for relief Petitioner asserts he was denied his right to the effective assistance of counsel "regarding the

-3-

issue of his competence based on the failure to appoint an appropriate interpreter for him."

Respondents contend that Petitioner's claims are barred by the statute of limitations and that the claims are procedurally barred.

**II Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Petitioner's conviction became final on or about July 1, 2008, when the time expired for seeking certiorari in Petitioner's direct appeal. At that time Petitioner had a

-4-

pending action for state post-conviction relief which tolled the statute of limitations.  The statute of limitations was tolled until the completion of these post-conviction proceedings.  On December 29, 2009, the state trial court dismissed Petitioner's Rule 32 action.  Petitioner had thirty days to seek review of this decision by the Arizona Court of Appeals. Accordingly, the one-year statute of limitations on Petitioner's federal habeas action began to run on or about January 30, 2010, and expired on or about January 30, 2011.  Petitioner's federal habeas action, docketed November 27, 2012, was filed approximately 22 months after the statute of limitations expired.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time.  See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).  See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), cert. denied, 133 S. Ct. 769 (2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases

1  for guidance." Bills, 628 F.3d at 1096-97.

2  The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish

-6-

that equitable tolling is warranted in his case. See, e.g., Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

Furthermore, most alleged errors by a petitioner's counsel do not per se constitute an "extraordinary circumstance" warranting equitable tolling. See Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 959-61; Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir.), cert. denied sub nom., Randle v. Skolnik, 131 S. Ct. 474 (2010); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). It is not sufficient that counsel was negligent; only representation that meets the extraordinary misconduct standard can be a basis for applying equitable tolling. See Porter, 620 F.3d at 959. The United States Supreme Court concluded in Holland that federal courts could equitably toll the statute of limitations for filing a habeas petition under 28 U.S.C. § 2254 when a petitioner's attorney failed to satisfy professional standards of care. See 130 S. Ct. at 2563-64. The Supreme Court held that "at least sometimes, professional misconduct ... [could] amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." Id. Equitable tolling has been applied when an attorney's misconduct is "sufficiently egregious," i.e., for example when a privately-retained attorney failed to prepare a petition and also kept the petitioner's case file so that it was "unrealistic" to expect the petitioner to file pro se. See Porter, 620 F.3d at 959-60; Spitsyn, 345 F.3d at 800-01. See also Downs v. McNeil, 520 F.3d 1311, 1325 (11th Cir. 2008).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner does not assert that he is actually innocent, accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Petitioner presents no reply to Respondents' assertion that his habeas petition is barred by the statute of limitations and does not offer the Court any reason why equitable tolling might be warranted. Accordingly, the petition may be denied and dismissed for Petitioner's failure to timely file this action.

**B.  Exhaustion and procedural default**

Respondents argue that Petitioner has procedurally defaulted his federal habeas claims in the state courts.

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples,

489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by

-9-

any available procedure" in the state courts. 28 U.S.C. § 2254(c). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222

-10-

F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling. Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir. 2010).

Petitioner did not "fairly present" any claims to Arizona's "highest court" in his Rule 32 action because, after dismissal of his Rule 32 action by the trial court, Petitioner did not appeal the trial court's dismissal to the Arizona Court of Appeals. Therefore, because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to

-11-

exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

Petitioner did not present his federal habeas claims to the Arizona Court of Appeals in his direct appeal. Petitioner did not present his federal habeas claims to the "highest" state trial court in a timely Rule 32 action. As stated supra, Arizona's Rules of Criminal Procedure regarding waiver and the timeliness of claims have been found to be an adequate and independent basis for affirming a petitioner's convictions and sentences and denying federal habeas relief. Accordingly, unless Petitioner can establish cause for and prejudice from his procedural default of his claims in the state courts, the Court should not consider the merits of his claims.

Petitioner presents no reply to Respondents' contention that Petitioner did not exhaust his claims in the state courts. Petitioner has not shown cause for nor prejudice arising from his procedural default of his federal habeas claims in the state

-12-

courts. Therefore, the Court should not consider the merits of his claims.

### III Conclusion

Petitioner did not file his habeas petition within one year of the date his state conviction became final, allowing for the tolling of the statute of limitations during his Rule 32 proceedings. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations. Petitioner's habeas claims were not exhausted in the state courts. Petitioner has not established cause for, nor prejudice arising from his default of these claims.

**IT IS THEREFORE RECOMMENDED that** Mr. Medrano's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District

of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 16th day of May, 2013.

_____
Mark E. Aspey
United States Magistrate Judge

-14-