**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Camillo Castillo Medrano, III,<br><br>Petitioner,<br><br>v.<br><br>Arizona Attorney General, Charles L. Ryan, Sheryl Watkins,<br><br>Respondents | No. CV-12-02539-PHX-GMS<br><br>**ORDER** |

Pending before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Camillo Castillo Medrano III. (Doc. 1). Magistrate Judge Mark Aspey has issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition with prejudice; Castillo has objected to the R&R. (Docs. 14, 15.) Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R and denies the petition.

**BACKGROUND**

On June 19, 2006, a jury found Petitioner Camillo Castillo Medrano III guilty of three counts of sexual abuse, four counts of child molestation, and ten counts of sexual conduct with a minor, all felonies under state law, after an eight-day trial. (Doc. 13-1, Ex. PP.) The trial court sentenced Petitioner on August 30, 2006, to five years imprisonment for the three counts of sexual abuse, to seventeen years imprisonment for the four counts of molestation of a child, and to twenty years imprisonment for the ten counts of sexual

conduct with a minor, all of the sentences to be served consecutively. (*Id.*, Exs. UU, VV.)

Petitioner timely appealed his conviction. On appeal, Petitioner argued that the trial court abused its discretion by denying his motion for a directed verdict one of the counts of child molestation. (Doc. 13-2, Ex. WW.) On December 11, 2007, the Arizona Court of Appeals affirmed the conviction. (*Id.*, Ex. YY.) Petitioner filed a petition for review with the Arizona Supreme Court on January 15, 2008, but the Court denied review on April 1, 2008. (*Id.*, Ex. ZZ; Doc. 13-3, Ex. AAA.) Petitioner's conviction became final on July 1, 2008, when the time expired for seeking certiorari in his direct appeal.

On June 18, 2008, Petitioner brought an action for post-conviction relief under Arizona Rule of Civil Procedure 32. In his petition, he alleged newly-discovered evidence and ineffective assistance of counsel at trial and during his appeal. (Doc. 13-3, Ex. BBB.) Petitioner was appointed counsel to represent him in his Rule 32 action. (*Id.*, Ex. CCC.) On November 12, 2008, counsel filed a notice of completion of her post-conviction review in which she concluded that she was not able to find colorable claims to raise in a petition for post-conviction relief. (*Id.*, Ex. DDD.) On December 29, 2009, the Superior Court sua sponte dismissed the Rule 32 action because it did not receive from Petitioner a pro se petition or request for an extension of time to file a petition. (*Id.*, Ex. MMM.) Petitioner did not seek review by the Arizona Court of Appeals of the Superior Court's dismissal.

Petitioner brought this federal habeas action on November 28, 2012. In his petition, he argues for relief based on four grounds: (1) violation of his right to Due Process in connection with his criminal proceedings; (2) ineffective assistance of trial and appellate counsel; (3) violation of his right to a fair trial; and (4) ineffective assistance of counsel regarding the issue of his competence based on the failure to appoint an interpreter for him. (Doc. 1 at 6–9.) Respondents contend that Petitioner's claims are barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that his claims are procedurally barred because

Petitioner did not exhaust relief available to him in the state courts. (Doc. 12 at 6–17.)

**DISCUSSION**

**I.     STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone,* 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna–Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). The writ may be granted by "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* § 2241(a). Review of petitions for habeas corpus is governed by the AEDPA. *Id.* § 2244 *et seq.* (2006).

Under the AEDPA, the Court may not grant habeas relief unless it concludes that the state's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   28 U.S.C. § 2254(d)(1)–(2). Nor may the Court grant habeas relief under the AEDPA unless the petitioner has exhausted his claim in state court. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

/ / /

## II. STATUTE OF LIMITATIONS

Pursuant to AEDPA, petitions for habeas corpus must be filed within one year of the start of the limitations period. *See Pace v. DiGuglielmo,* 544 U.S. 408, 410 (2005) (AEDPA "establishes a 1–year statute of limitations for filing a federal habeas corpus petition") (citing 28 U.S.C. § 2244(d)(1)). The limitations period begins to run when the state conviction becomes final—either "upon 'the conclusion of direct review or the expiration of the time for seeking such review.'" *White v. Klitzkie,* 281 F.3d 920, 923 (9th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(A)). The limitations period is subject to statutory tolling under the terms of AEDPA or equitable tolling under extraordinary circumstances.

### A. Statutory Tolling

The one-year limitations period is statutorily tolled during any time in which a "properly filed" state petition for post-conviction relief is "pending" before the state court, and "must be tolled for the entire period in which a petitioner is appropriately pursuing and exhausting his state remedies." 28 U.S.C. § 2244(d)(2). Though Petitioner's conviction became final on July 1, 2008, the limitations period was tolled because he had a pending petition for post-conviction relief in state court. The state trial court dismissed Petitioner's Rule 32 action on December 29, 2009. Because Petitioner had thirty days to appeal the state court's dismissal to the Arizona Court of Appeals, the statute of limitations period began to run on January 30, 2010. Petitioner filed this habeas action on November 28, 2012, approximately 22 months after the limitations period expired. (Doc. 1.) Unless there is good cause to extend the filing deadline for Petitioner's federal habeas action, the action is barred by the statute of limitations.

### B. Equitable Tolling

In certain limited circumstances, the AEDPA's one-year filing deadline may be equitably tolled. *See Holland v. Florida,* \_\_\_\_ U.S. \_\_\_\_, \_\_\_\_, 130 S.Ct. 2549, 2590, 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling if he can demonstrate that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary

1  circumstance stood in his way" to prevent his timely filing. *Pace,* 544 U.S. at 418.
2  Nevertheless, equitable tolling is rare: the Court must "take seriously Congress's desire to
3  accelerate the federal habeas process" and may equitably toll the AEDPA's limitation
4  period only when the test's "high hurdle is surmounted." *Calderon v. United States Dist.*
5  *Ct. (Beeler),* 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds,*
6  163 F.3d 530 (9th Cir. 1998). "Equitable tolling will not be available in most cases, as
7  extensions of time will only be granted if 'extraordinary circumstances' beyond a
8  prisoner's control make it impossible to file a petition on time." *Id.* at 1288. Petitioner
9  "must show that the 'extraordinary circumstances' were the but-for and proximate cause
10 of his untimeliness." *Allen v. Lewis,* 255 F.3d 798, 801 (9th Cir. 2001).

Petitioner argues that equitable tolling is appropriate because he is a "Mexican national who is unable to communicate, write or read English" and requires an interpreter to explain legal and other matters to him. (Doc. 15 at 3.) Petitioner also contends that the judicial system is too complex for him to navigate and hence, he was not able follow the rules of procedure in order to timely file his appeal in state court or the habeas corpus motion in this Court.

Petitioner's reasons for delay do not constitute "extraordinary circumstances" that merit equitable tolling. The Ninth Circuit has held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Further, a pro se prisoner's illiteracy is insufficient to establish cause to toll the statute of limitations. *Hughes v. Idaho State Bd. of Corr.,* 800 F.2d 905, 909 (9th Cir. 1986); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991).

Petitioner has not shown either that any external circumstances beyond his control caused his habeas action to be untimely or that he diligently pursued his claims during the time period in which tolling is needed. *See Lott v. Mueller,* 304 F.3d 918, 924–25 (9th

Cir. 2002). He does not argue, for example, that he attempted to obtain assistance to interpret the legal resources available to him to understand the procedure to file a habeas action and was prevented from doing so. Accordingly, the pending Petition is barred under the statute of limitations set out in the AEDPA.

**III.    PROCEDURAL DEFAULT**

A petitioner is required to exhaust his claim in state court before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). To satisfy that requirement, a petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. In Arizona, a petitioner is required to "fairly present" all claims he seeks to assert in his habeas proceeding first to the Arizona Court of Appeals either through direct appeal or the state's post-conviction relief proceedings. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

For a petitioner to have fairly presented his claims to the appropriate state courts, he must have described the operative facts and the federal legal theory that support his specific claim. *See Baldwin v. Reese*, 541 U.S. 27, 29, 31 (2004); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) ("Full and fair presentation . . . requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."), *cert. denied*, ___ U.S. ___, 130 S.Ct. 1014 (2009). The petitioner must alert the state court to the federal nature of the right he claims, and broad appeals to "due process" and similar concepts are insufficient. *See Johnson v. Zenon*, 88 F.3d 828, 830–31 (9th Cir. 1996); *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

If a petitioner has failed to "fairly present" his federal claims to the state courts— and has therefore failed to fulfill AEDPA's exhaustion requirement—the habeas court must determine whether state remedies are still available for the petitioner; if not, those claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1

(1991).

A habeas court will consider claims the petitioner has procedurally defaulted only if he can demonstrate (1) cause for his failure to comply with state rules and actual prejudice or, in the rare instance, (2) that a miscarriage of justice would occur. *See Dretke v. Haley*, 541 U.S. 386, 388–89 (2004). "Cause" means "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even if a petitioner demonstrates cause for a procedural default, he must nevertheless show "prejudice" or that the supposed constitutional error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, a miscarriage of justice is shorthand for a situation "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Petitioner did not satisfy the requirement to "fairly present" his claims in his Rule 32 action. After the state trial court dismissed his action, Petitioner did not appeal the dismissal to the Arizona Court of Appeals. His claims are procedurally defaulted because he may not return to the state courts to pursue state remedies for those claims as they would be untimely.

Further, Petitioner does not show cause for his procedural default. He contends that he "had no way at the time to know that he was required by rule or procedure to avail himself of these venues" because "no legal rule or procedure books are procured or maintained in Spanish." (Doc. 15 at 6.) Ignorance of the law and/or the lack of legal knowledge do not constitute cause for a procedural default. *See Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir.1988) (pro se's mental condition and reliance on incompetent "jailhouse lawyers" is not cause); *Hughes*, 800 F.2d at 909 (pro se's illiteracy is not cause). Even if Petitioner cannot read English and legal resources were not available to him in his native language, that fact also does not show cause for a procedural default.

- 7 -

*Vasquez v. Lockhart,* 867 F.2d 1056, 1058 (9th Cir. 1988), *cert. denied*, 490 U.S. 1100 (1989).

The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis,* 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has failed to establish cause for his procedural default. Because Petitioner's claims are both barred under the AEDPA statute of limitations and procedurally defaulted, the Court will not examine the merits of those claims.

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 14) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that the docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 21st day of August, 2013.

_A. Murray Snow_
G. Murray Snow
United States District Judge